UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVINO GUARDILA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>　　　　　　Respondent. | CASE NO.  C08-453-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Alvino Guardila, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"), pending adjudication of his Petition for Review in the Ninth Circuit Court of Appeals. (Dkt. 7). Respondent has moved to dismiss, arguing that petitioner is lawfully detained under the Immigration and Nationality Act ("ICE"), and is not entitled to release on bond. (Dkt. 13).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 7) be DENIED and respondent's motion to dismiss (Dkt. 13) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who entered the United States as a lawful permanent resident on October 23, 1953, when he was eleven years old. (Dkt. 14 at R38). On September 8, 2004, he was convicted in the Circuit Court for the State of Oregon, Yamhill County, for the offense of Delivery of a Controlled Substance, Methamphetamine, in violation of Oregon Revised Statute § 475.992.[1]  (Dkt. 14 at L51-52).

Petitioner came to the attention of ICE while he was detained at the Yamhill County Jail in McMinnville, Oregon, on charges of resisting arrest and physical harassment. (Dkt. 14 at L54, R73). On May 17, 2006, ICE served petitioner with a Warrant for Arrest of Alien and a Notice of Custody Determination, indicating that petitioner would be detained without bond. (Dkt. 14 at L7-8). On May 19, 2006, ICE served petitioner with a Notice to Appear, charging him with removability from the United States under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony. (Dkt. 14 at L9-10).

On July 10, 2006, petitioner appeared with counsel at his initial hearing before an IJ. Petitioner admitted the factual allegations and conceded removability, but requested an indefinite continuance or, alternatively, that the case be set for a merits hearing six months out, so that he would have time to modify or vacate his conviction. (Dkt. 14 at R151). On July 13, 2006, the IJ denied petitioner's motion for continuance and ordered him removed to Mexico. (Dkt. 14 at R148-52). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"),

---

[1] Petitioner has also been convicted of Resisting Arrest and Physical Harassment on 3/30/06, Possession of a Controlled Substance and DUI on 8/4/03, Livestock at Large on 9/1/93, Animal Neglect Second Degree on 6/3/93, Livestock at Large on 10/21/92, DUI on 10/7/087, Driving While Suspended/Revoked on 8/22/83, Giving Liquor to a Minor/Intoxicated Person on 12/26/79, Hit and Run/Failure to Perform Duties of a Driver on 4/2/79, and Burglary First Degree in 1976.

REPORT AND RECOMMENDATION
PAGE – 2

who denied the appeal on November 2, 2006. (Dkt. 14 at L67).

On November 27, 2006, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit along with a motion for stay of removal. *See Guardiola-Hernandez v. Clark*, No. 06-75444. Pursuant to Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue. Petitioner's Petition for Review remains pending in the Ninth Circuit.

On May 21, 2007, ICE conducted a Post Order Custody Review of petitioner's case. (Dkt. 14 at R176-84). The reviewing officer determined that petitioner was a flight risk and a danger to society, finding:

> [Petitioner] came to the United States as a LPR boy in 1953. Since 1970, [Petitioner] has been arrested 29 times for a litany of offenses ranging from rape to multiple harassment and abusive charges. [Petitioner] has demonstrated he is incapable of conducting himself in a society of laws. He poses both a danger and liability to the community if released, as he has shown no evidence of rehabilitation. Since he is not gainfully employed, there is no documented financial hardship to the family. As it stands to this date, [Petitioner] is a convicted aggravated felon under an order of deportation.
> This reviewer recommends that [Petitioner] remain in custody pending the outcome of the 9th Circuit Court Appeals decision.

(Dkt. 14 at R176). On June 9, 2007, ICE Field Office Director A. Neil Clark adopted the recommendation and informed petitioner that he would remain in ICE custody pending the outcome of his Petition for Review. (Dkt. 14 at R186).

On April 1, 2008, petitioner filed the instant Petition for Writ of Habeas Corpus, challenging his detention. (Dkt. 7). Respondent has filed a Return Memorandum and Motion to Dismiss. (Dkt. 13). Petitioner filed a response, Dkt. 15, and respondent filed a reply, Dkt. 16. Respondent's motion to dismiss is now ready for review.

REPORT AND RECOMMENDATION
PAGE – 3

### III.  DISCUSSION

A.  <u>Petitioner is Lawfully Detained Pursuant to INA § 236</u>.

Section 236 of the INA, 8 U.S.C. § 1226, provides the framework for the arrest, detention, and release of aliens in removal proceedings.  Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.  The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1).  INA § 241(a)(1)(B) provides:

> The <u>removal period</u> begins on the <u>latest</u> of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Accordingly, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision.  *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering the release of petitioner who had been detained pending appeal for two years and eight months under INA § 236(c)); *Bromfield v. Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given that petitioner requested judicial review of the removal order . . . and this court granted a stay of removal in that still pending petition for review.  *See* 8 U.S.C. §

REPORT AND RECOMMENDATION
PAGE – 4

1231(a)(1)(B)(ii).").

Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's administrative removal order, and the petition for review remains pending. Thus, petitioner's detention is pursuant to INA § 236(a), which provides:

Arrest, detention, and release

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole . . .

8 U.S.C. § 1226(a).[2]  Accordingly, under INA § 236(a), the Attorney General retains discretion to decide whether aliens subject to removal proceedings should be detained, released on bond, or released on conditional parole. *See* 8 U.S.C. § 1226(a). In this case, petitioner argues that his continued detention violates the due process clause of the Fifth Amendment.

"The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person . . . of liberty . . . without due process of law.'" *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (holding that "a statute permitting indefinite detention of an alien would raise a serious constitutional problem."). It is well established that

---

[2] Respondents argue that petitioner is detained under INA § 241 because he has a final order of removal in place. (Dkt. 13 at 6). However, this Court has repeatedly rejected respondents' argument. *See, e.g., Prieto-Romero v. Clark,* Case No. 07-35458. The Court concludes that the removal period has not yet begun, and that petitioner is detained pursuant to INA § 236(a).

REPORT AND RECOMMENDATION
PAGE – 5

"the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693 (citations omitted). Furthermore, an alien's freedom from imprisonment "lies at the heart of the liberty that the substantive due process clause protects." *Id.* at 690. In *United States v. Salerno* the Supreme Court explained:

> [T]he Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process.

*United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

The Supreme Court has recognized, however, that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 431, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) (holding that mandatory detention of criminal aliens during removal proceedings under INA § 236(c) is constitutionally valid."). In *Kim*, the Supreme Court found that "[s]uch detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Although the Supreme Court in *Zadvydas* held that an alien may not be indefinitely detained after the ninety-day removal period in INA § 241(a), petitioner's removal period has not yet begun by operation of a stay pursuant to INA § 241(a)(a)(B)(ii). *See Zadvydas*, 533 U.S. at 701. Moreover, the Supreme Court in *Kim* distinguished *Zadvydas*, noting that in *Zadvydas*, "removal was no longer practically attainable" and that "the period of detention at

REPORT AND RECOMMENDATION
PAGE – 6

issue in *Zadvydas* was 'indefinite' and 'potentially permanent.'" *Id.* at 527-28. Unlike the petitioner in *Zadvydas*, petitioner's detention has a definite termination point, and thus is neither "indefinite" nor "potentially permanent." Upon completion of judicial review, petitioner will either be released or removed to Mexico. Thus, petitioner's detention meets substantive due process requirements. *See Ma v. Ashcroft*, 257 F.3d 1095, 1099 (9th Cir. 2001) ("alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

Furthermore, petitioner's detention has been implemented in a procedurally fair manner and does not violate procedural due process requirements. As indicated above, petitioner received a Post Order Custody Review by ICE. The administrative record shows that ICE considered the appropriate factors when reviewing petitioner's custody status. *See* 8 C.F.R. § 241.4(f).[3] Thus, the Court concludes that petitioner's current detention is lawful, and there is no basis for this Court to order that petitioner be released.[4]

---

[3] (1) The nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. 8 C.F.R. § 241.4(f); *see also Middleton v. Clark*, No. C06-1324RSM, *3 (W.D. Wash. 2007); *Prieto-Romero v. Clark*, No C06-786L, *2 (W.D. Wash. 2007).

[4] To the extent petitioner challenges the discretionary decision the Attorney General has made regarding his flight risk and danger to society, such determination is not subject to judicial review. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); INA § 236(e), 8 U.S.C. § 1226(e); *see also Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("The aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather, they challenge the extent of the Attorney General's authority under the post-removal period detention statute. And the extent of that authority is not a matter of discretion.").

REPORT AND RECOMMENDATION
PAGE – 7

IV. <u>CONCLUSION</u>

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of June, 2008.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 8